## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SCOTT GREGORY RUNDQUIST, as Private
man, Trustee of the SCOTT GREGORY
RUNDQUIST TRUST and the RUNDQUIST
FAMILY TRUST,

        Plaintiff,

        v.

STATE OF KANSAS, et al.,

        Defendants.

Case No. 25-2640-DDC-ADM

### <u>REPORT AND RECOMMENDATION and ORDER</u>

Scott Gregory Rundquist ("Rundquist") filed a complaint purportedly as a "private man" and as the trustee of the Scott Gregory Rundquist Trust and the Rundquist Family Trust (collectively, "plaintiffs"). (ECF 1.) Rundquist moves to proceed pro se under the in forma pauperis statute, 28 U.S.C. § 1915, without prepayment of the filing fee. (ECF 3.) Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."

In support of Rundquist's motion, he has provided a "Motion to Proceed In Forma Pauperis Affidavit" attesting that he does not own any property, accounts, income, or other financial instruments in his "individual name," as all such interests "are lawfully administered under the private trust structure and do not constitute personal assets or income for federal filing purposes." (ECF 3 ¶ 1.) He further attests that the trust "does not generate income that is distributed to [Rundquist] personally, nor [does he] derive any commercial or governmental benefit that can be accessed for the purpose of court filing fees." (*Id.* ¶ 2.) And he goes on to say that the "trust

property is not subject to voluntary liquidation or assignment" for the purpose of paying the filing fee, and "no discretionary access to those assets exists without direct violation of trust covenants." (*Id.* ¶ 4.)

But this does not establish that plaintiffs are unable to pay the filing fee. Rundquist may not circumvent the requirement to pay the filing fee by claiming an inability to pay as a "private man" while also purporting to bring this case in his capacity as trustee of the Scott Gregory Rundquist Trust and the Rundquist Family Trust, which he contends has assets but that he cannot access them to pay the filing fee. For one, to the extent that Rundquist claims that he is bringing this case (in part) as a "private man," the court is unpersuaded by this characterization because the complaint specifically alleges that he is "a private man *acting as Trustee* of the Scott Gregory Rundquist Trust and the Rundquist Family Trust." (ECF 1 ¶ 3, at 2 (emphasis added).) And Rundquist's Motion to Proceed In Forma Pauperis Affidavit asserts that he is bringing this case in his capacity as trustee of the Scott Gregory Rundquist Trust and the Rundquist Family Trust, not as a "private man." (ECF 3 ¶ 3 ("The filing of this case is being made in furtherance of my fiduciary duty as Trustee to protect the rights and liberty interests of the minor beneficiaries, and any costs imposed against me personally would result in harm to the trust and conflict with my lawful obligations" as trustee).) Further, the complaint expressly alleges a claim for "Deprivation of Family Association and Trust Rights" in Count II (ECF 1, at 3), which can only be brought by a trustee on behalf of the trust and its beneficiaries.

But more to the point, Rundquist, as trustee for the two trusts, may not proceed in this case under the forma pauperis statute or without a licensed attorney. As this court explained in a

previous case that Rundquist filed on behalf of the Scott Gregory Rundquist Trust,[1] artificial entities such as the Scott Gregory Rundquist Trust and the Rundquist Family Trust may not proceed in forma pauperis because only natural persons qualify for in forma pauperis treatment under 28 U.S.C. § 1915. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993). Similarly, artificial entities may appear in federal court only through licensed counsel. *Id.*; *Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) (holding non-lawyer trustee could not represent trust). Here, Rundquist signed the complaint as trustee (ECF 1, at 4), but he is not a licensed attorney in Kansas or in this district. Rundquist therefore cannot represent the two trusts and/or their beneficiaries in this court. *See In re Wilson*, 860 Fed. App'x 147, 150 (10th Cir. 2021) ("Trusts are artificial entities that exist independently of their trustees. So if the trustee is not a licensed attorney, he or she cannot represent the trust." (internal citation omitted)); *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) ("[I]f the trustee is not a licensed attorney, he or she cannot represent the trust."); *id.* at 478 ("[F]iduciary duties do not entitle a trustee to practice law."); *Hartnett v. Farm Serv. Agency, U.S. Dep't of Agric.*, No. 18-cv-01045, 2018 WL 2971692, at *3–4 (D. Kan. June 12, 2018) (dismissing case brought by trust's fiduciary trustee because trustee—as non-attorney—could not represent trust).

The court therefore recommends that the district judge deny the motion to proceed in forma pauperis and order Rundquist to pay the $405 statutory filing fee within 14 days after the district judge's order on the undersigned's Report and Recommendation. If he does not pay the required filing fee by that date, the undersigned further recommends that the district judge dismiss the case

---

[1] *Scott Gregory Rundquist Trust v. Clerk of the District Court, Wyandotte County, Kansas*, Case No. 25-2193-DDC-ADM (D. Kan.).

for failure to pay the required filing fee.  Further, because the trusts may proceed only if they are represented by licensed counsel, they must retain and have licensed counsel enter their appearance within 14 days after the district judge's order.  If retained counsel does not enter an appearance by that date, the undersigned recommends that the district judge dismiss plaintiffs' claims, insofar as they are being brought on behalf of the trusts, for failure to prosecute.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), the court informs Rundquist that he may file specific written objections to this report and recommendation within fourteen days after being served with a copy.  If Rundquist fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiffs' Motion to Proceed In Forma Pauperis (ECF 3) be denied.

**IT IS FURTHER ORDERDED** that the Scott Gregory Rundquist Trust and the Rundquist Family Trust must retain and have licensed counsel enter an appearance within 14 days of the district judge's order on the Report and Recommendation.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation and Order to Rundquist via regular mail.

**IT IS SO ORDERED.**

Dated November 7, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge