## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SCOTT GREGORY RUNDQUIST,**
Private man, Trustee of the
**SCOTT GREGORY
RUNDQUIST TRUST**, and
**RUNDQUIST FAMILY TRUST,**

            **Plaintiffs,**

     **v.**

**STATE OF KANSAS, et al.,**

            **Defendants.**

Case No. **2:25-cv-02640-JMK-ADM**

## MEMORANDUM AND ORDER

On November 7, 2025, Magistrate Judge Angel D. Mitchell issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3) be denied. Doc. 9. Plaintiff did not timely object to the R&R. And so, the Court adopted the R&R in full on November 26, 2025. Doc. 13. Now pending before the Court is Plaintiff's Motion for Reconsideration of the Court's November 26, 2025, Order. Doc. 16. For the reasons set forth herein, that motion is denied.

## I.    BACKGROUND

Scott Gregory Rundquist filed this pro se lawsuit on October 31, 2025. In his Complaint, both the caption and factual allegations identify the named plaintiff as Scott-Gregory: Rundquist, "Trustee of the Scott Gregory Rundquist Trust and the Rundquist Family Trust." Doc. 1. The Complaint arises out of a Protection from Abuse Order entered on January 30, 2025, by the District Court for Wyandotte County, Kansas, in a state court proceeding. *Id.* at ¶¶ 9, 12. The Complaint was signed by "Scott Rundquist, Trustee." *Id.* at 4.

Rundquist then filed a "Motion to Proceed in Forma Pauperis Affidavit" in which "Scott-Gregory: Rundquist" asserted that he owns no property or assets because those assets are "lawfully administered under the private trust structure." Doc. 3 at 1. As with the Complaint, the "Motion to Proceed in Forma Pauperis Affidavit" was signed by "Scott Rundquist, Trustee." *Id.* at 2.

Based on the case caption, the allegations in the Complaint, the assertions in the motion to proceed in forma pauperis, and the signature blocks, it appeared rather clearly that Rundquist was bringing this suit in his capacity as trustee of the two trusts referenced in the case caption. With that in mind, Magistrate Judge Mitchell's R&R identified three issues with the Complaint and request to proceed in forma pauperis. The first is that Rundquist appears to be using a private trust to shield assets to demonstrate poverty. Doc. 9 at 2. The second is that the in forma pauperis statute only allows natural persons to qualify for in forma pauperis treatment. *Id.* at 2–3. The third is that Rundquist, as a non-attorney, is not able to represent fictitious entities like a trust. *Id.* at 3. For these reasons, the R&R recommended that the Motion to Proceed In Forma Pauperis be denied and that private counsel enter an appearance for the Trusts. *Id.* at 4. The R&R also advised:

> Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), the court informs Rundquist that he may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If Rundquist fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

*Id.* The R&R, which was entered on November 7, 2025, was mailed to Rundquist via regular mail.

No timely objection was filed and, therefore, the Court adopted the R&R in full on November 26, 2025. Doc. 13. Rundquist was ordered to pay the $405 statutory filing fee within 14 days of that order. *Id.* at 3. It was further ordered that the Scott Gregory Rundquist Trust and

the Rundquist Family Trust retain licensed counsel to enter an appearance within 14 days of that order. *Id.*

On December 5, 2025, Rundquist filed a motion for an extension of time to pay the filing fee and for reconsideration of the Court's November 26, 2025, Order. Doc. 16. The Court granted the request for an extension pending a decision on the request for reconsideration. Doc. 17. Seeking reconsideration, Rundquist asserts that he "did not receive the Court's November 26, 2025 Order until December 5, 2025," and therefore, he "had no meaningful opportunity to comply with the 14-day deadline or submit a timely request for reconsideration." Doc. 16 at 1. Rundquist further asserts the trusts are not parties to this action, and that "Plaintiff is the only plaintiff in this action." *Id.* at 2. Rundquist asserts that any references to "trustee" or "trust" were "descriptive only" and that "Plaintiff appears solely on his own behalf as an individual." *Id.*

## II.    LEGAL STANDARD

Rundquist seeks reconsideration of the Court's Order adopting the R&R. Under D. Kan. R. 7.3, a motion to reconsider must be based on (1) an intervening change in controlling law, (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.

When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996))

("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . . .'").

## III.    ANALYSIS

Rundquist does not identify an intervening change in the law or the availability of new evidence. And so, the Court construes Rundquist's motion to reconsider as asserting the need to correct clear error or prevent manifest injustice.

> A court's decision is clearly erroneous if it is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment. Courts in this district have described manifest injustice to mean direct, obvious, and observable error. A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.

*Reynolds v. Adams*, 2026 WL 1858107, at *2 (D. Kan. June 29, 2026) (citation cleaned up).

The error or injustice relied upon by Rundquist falls into three categories. First is the claim that he did not receive the Court's November 26, 2025, order until December 5, 2025. Second is his clarification that he is bringing this action individually and is not acting as a trustee for the Scott Gregory Rundquist Trust or the Rundquist Family Trust. And third is his assertion that he is truly indigent.

None of these arguments overcome Rundquist's burden on a motion to reconsider. The Court adopted the R&R largely because Rundquist failed to timely object. Doc. 13 at 2. The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks and citation omitted). But the Court "need not apply the firm-waiver rule when the interests of justice so dictate." *Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023) (internal quotation marks and citation omitted). The Court looks at (1) a pro se litigant's

efforts to comply, (2) the force and plausibility of the explanation for the failure to comply, and (3) the importance of the issues raised. *Casanova*, 595 F.3d at 1123.

The first two factors do little to help Rundquist. Rundquist asserts that he did not receive the Court's November 26, 2025, Order until December 5, 2025. But the November 26 Order was the District Court's Order adopting the R&R. *See generally* Doc. 13. The relevant deadline, for purposes of the waiver rule, was Rundquist's 14-day deadline to object to the R&R, which was filed on November 7, 2025. The motion to reconsider says nothing about the receipt of the R&R, which was mailed to Rundquist via regular mail and clearly notified him that he had 14 days to object. There is no evidence or even allegation that the R&R was not delivered or received. Nor does Rundquist suggest that he monitored or inquired with the clerk's office regarding any filings during the relevant time period. *Cf. Casanova*, 595 F.3d at 1124. Rundquist has not shown any clear error or manifest injustice regarding the Court's finding that he failed to timely object to the R&R.

Nor do the issues raised warrant an exception to the firm waiver rule. Despite Rundquist's recent assertion that he is not attempting to bring this action on behalf of the trusts that he named as plaintiffs, his filings indicate the opposite. *See* Docs. 1 and 3. Rundquist even signed the motion to reconsider—in which he asserted that he is not bringing this claim as a trustee—as "trustee." Doc. 16 at 3. The Court sees no error in the R&R or the Court's earlier decision to adopt it in full. Neither the interest of justice exception, nor the standard for a motion to reconsider under D. Kan. R. 7.3, warrant a different outcome.[1]

---

[1] In addition to the issues identified in the R&R, the Court's jurisdiction over this matter appears suspect, at best. Plaintiff asks this Court to enjoin state court proceedings against him. The Court has not investigated the nature of those proceedings, but intervention from this Court into state court proceedings is a dubious prospect. *See, e.g.*, 28 U.S.C. § 2283; *see also Younger v. Harris*, 401 U.S. 37 (1971); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

-6-

## IV.      CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Motion for Reconsideration (Doc. 16) is DENIED. Plaintiff must pay the $405 filing fee within 14 days of this Order or risk dismissal.

IT IS FURTHER ORDERED that if the statutory fee is timely paid, Plaintiff must seek leave to amend his Complaint within 14 days of his payment to remove any references to the Scott Gregory Rundquist Trust and the Rundquist Family Trust as parties, or himself as trustee, in the caption or body of his allegations. If Plaintiff purports to bring this action as a trustee in the future without licensed counsel retained to represent the trusts, this case will be dismissed.

IT IS SO ORDERED.

Dated: 7/10/2026                       s/ Jeffrey M. Kuhlman
                                       JEFFREY M. KUHLMAN
                                       UNITED STATES DISTRICT JUDGE